IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR AMEZCUA REYES,<br>    Petitioner,<br> v.<br>UNITED STATES OF AMERICA,<br>    Respondent. | CV F 03-6734 AWI<br>(CR F 02-5322 AWI)<br><br>ORDER DIRECTING RESPONDENT UNITED STATES TO SHOW CAUSE WHY PETITIONER'S MOTION PURSUANT TO 28 U.S.C., SECTION 2255 SHOULD NOT BE GRANTED<br><br>(28 U.S.C. § 2255) |

**INTRODUCTION**

In this case, petitioner Cesar Amezcua Reyes ("Reyes") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 48 months that was imposed by this court on November 10, 2003, following his plea of guilty to two counts of improper entry by an alien in violation of 8 U.S.C., section 1325(a)(1).

**FACTUAL AND PROCEDURAL HISTORY**

On August 29, 2002, Reyes was charged by indictment with being a deported alien found in the United States in violation of 8 U.S.C., section 1326. On November 10, 2003, Reyes entered a plea of guilty to two counts of illegal entry in violation of 8 U.S.C., section 1325(a)(1)

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

as set forth in the Superceding Information.  Pursuant to the plea agreement, Reyes waived all rights to appeal, including the right to attack his sentence collaterally under 28 U.S.C., section 2255.  Pursuant to the plea agreement, Reyes was sentenced to terms of 24 months on each count of violation of 8 U.S.C., section 1325.  The two 24-month terms were imposed consecutively for a total term of confinement of 48 months.  Judgment was entered on November 13, 2003.

A Presentence Investigation Report was prepared.  Using the 2002 Sentencing Guidelines, Probation calculated a total offense level of 21 and a criminal history category of IV.  Probation noted the guideline range for imprisonment was 77 to 96 months, but the statutory maximum sentence for violation of 8 U.S.C., section 1325 is 24 months per count.  A total term of 48 months imprisonment was therefore recommended.

Reyes' petition for writ of habeas corpus pursuant to 28 U.S.C., section 2255 was timely filed on December 8, 2003.

**LEGAL STANDARD**

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence."  Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' "  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id. Mere conclusory statements in a

section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

In his plea agreement, Reyes waived his rights to appeal his sentence or to challenge the legality of his sentence in a subsequent habeas proceeding. As a consequence, each of Reyes' grounds for challenge in this habeas petition are based on the underlying contention he was denied effective assistance of counsel. Reyes alleges a number of specific grounds for his habeas petition, and the court construes each of these grounds as being a claim that he suffered ineffective assistance of counsel when his attorney failed to raise each issue in Reyes' defense. Reyes first contends that he was born to a U.S. Citizen and he therefore has "automatic derivative citizenship." Reyes contends that as a result of his automatic derivative citizenship, he was actually a citizen at the time of his second entry into the United States and that he did not commit a criminal act by entering. Second, Reyes alleges his parents had permits to enter in 1978 when Reyes was seven years old and they had obtained permission for Reyes to enter as a dependent. Third, Reyes contends his sentence for his first illegal entry conviction exceeds the statutory maximum time.

**I. Derivative Citizenship**

Alienage is an element of unlawful entry that must be proven by the government. United States v. Bejar-Matrecios, 618 F.2d 81, 84 (9th Cir. 1980) (abrogated on other grounds in United States v. Smith-Baltiher, 2005 WL 2174475 at *3 (9th Cir. 2005)). Derivative citizenship, because it negates the element of alienage, is a defense to unlawful entry. Smith-Baltiher, 2005 WL 2174475 at *6. However, in a prosecution for unlawful entry, the government's burden is only to prove alienage; the government has no burden to prove the absence of derivative citizenship status. See United States v. Hodulik, 44 Fed.Appx 656, 660 (6th Cir. 2002). In a criminal prosecution, affirmative defenses generally are waived if not presented at trial. See, e.g., United States v. LeMaux, 994 F2d 684, 689 (9th Cir. 1993) (statute of limitations defense

waived if not presented at trial).  By giving up his trial rights as a part of the plea bargain, Reyes waived the right to present any affirmative defenses and therefor waived his affirmative defense of derivative citizenship.  Reyes also waived the right to bring up any challenges to his sentence or his conviction in any post-trial proceeding including any petition for habeas corpus pursuant to section 2255.  See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992)(collateral attack, like direct appeal is a statutory right that can be waived).  A waiver of the right of appeal or collateral attack includes waiver of the right to present exculpatory evidence that was discovered after the plea was taken and the waver of rights given.  Id. at 1013.  Thus, the court concludes Reyes has waived the right to collaterally attack his sentence and may not now raise the claim of derivative citizenship.

Reyes attempts to circumvent his waiver by claiming that he was denied effective assistance of counsel, presumably because his counsel did not oppose the plea agreement on the ground of derivative citizenship.  A claim of ineffective assistance of counsel is not waived in a general waiver of appeal rights pursuant to a plea agreement.  See Middleton v. United States, 46 F.3d 1143, 1995 WL 37322 at **1 (9th Cir. 1995).  Under the standard set by Strickland v. Washington, 466 U.S. 668, 690-692 ((1984), the petitioner claiming ineffective assistance of counsel must demonstrate that: "(1)counsel's performance was deficient; and (2) the deficient performance prejudiced the defense."  Id.  Reyes' petition demonstrates neither deficient performance or prejudice.

Reyes fails to make any specific allegations that would lead to the conclusion his counsel's performance was deficient in any way.  Reyes never alleges, for example, that he informed his counsel of the possibility of derivative citizenship or that he requested the matter be investigated prior to his plea agreement.  Nor does Reyes allege he was never told that, in order to be guilty of unlawful entry, he would be required to admit he was not a United States citizen.  What Reyes alleges is that he "just realized there was ineffective assistance of counsel" because he was convicted in error.  This allegation does not suffice to state a claim for ineffective

assistance. There is a "'strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance.'" Id. (quoting Strickland, 466 U.S. at 689). Thus, in the absence of allegations that specifically shows how counsel's conduct was deficient, the court must presume Reyes' attorneys' conduct fell within the broad range of reasonable professional conduct. Id.

Further, there is no prejudice. Reyes bases his claim of derivative citizenship on his contention that he was born in Mexico to a mother who was a Mexican national and then migrated with her to the United States when his mother married a U.S. citizen. Reyes alleges he was adopted by his step-father after the marriage. Reyes' pleading leaves unanswered a number of questions that would be relevant to a determination of derivative citizenship including whether the step-father was a naturalized citizen, how long he had resided in the United States, when the adoption occurred and how old Reyes was at the time of the adoption, among others. The court need not resolve any of these questions, however, because contrary to Reyes' assertion, there is no "automatic citizenship" for a child born to a non-citizen in a foreign country who is later adopted by a U.S. citizen.

The process by which a child born outside the United States gains citizenship is set forth in 8 U.S.C., section 1433. The statute specifies five conditions that must be fulfilled before a certificate of citizenship is issued. Subsection (c) of section 1433 applies the provisions of the section generally to foreign-born children of non-citizen parents who are adopted by a step-parent that is a citizen of the United States. Of particular significance to Reyes' claim, subsection (a)(3) of section 1433 requires that the child be under 18 years of age and in the custody of the citizen parent at the time the application for certificate of citizenship is made. By the time Reyes was charged in the instant action he was over 18 years of age and a certificate of citizenship had either been issued by that time or else Reyes was not a citizen. In other words, Reyes cannot now, as an adult, invoke the procedure to attain derivative citizenship through his adoptive father that he may have been eligible to have been granted as a child. That procedure must have been

invoked before Reyes reached his eighteenth birthday or not at all. Since Reyes has not produced a certificate of citizenship, nor has he represented that he was ever granted such a certificate, the court presumes a certificate of citizenship was never issued. Since a certificate of citizenship was not issued and since Reyes is now too old to qualify for derivative citizenship as a child of an adopted citizen parent, he cannot now claim entitlement to derivative citizenship.

**II. Age And Unlawful Entry**

Reyes next alleges he actually entered the United States legally in 1978 because he, or perhaps more accurately his mother, had entry and residence permits. The issue of whether Reyes entered the country legally because he entered pursuant to a valid permit is, like the issue of derivative citizenship, an affirmative defense that is waived for the reasons discussed above. However, there remains a problem that arises from Reyes' allegation that he was seven years old at the time of the first entry into the United States that forms the factual basis of count 1 of the superceding information. Simply stated, the court is concerned that the facts set forth in the superceding information that constitute count 1 and the facts admitted to by Reyes in the plea agreement and in open court do not constitute a crime.

"[I]t has been the general rule in [the Ninth] [C]ircuit that 'constitutional claims may be raised in collateral proceedings even if the defendant failed to pursue them on appeal.' [Citations.]" English v. U.S., 42 F.3d 473, 479 (9th Cir. 1994). Certainly, the imposition of a criminal sanction on the basis of conduct that does not constitute a crime is a constitutional defect. The court concludes the issue of whether the conduct described in the Superceding Information constitutes a crime has not been waived.

It is elementary that, while a person may waive a valid defense in the process of entering a plea of guilty to a particular criminal charge, the court is without jurisdiction to adjudge an individual guilty of a crime if the facts admitted to do not constitute a crime. Further, the court lacks jurisdiction to impose a sentence where the facts admitted to do not constitute a crime. "A violation of 8 U.S.C. § 1325 occurs only at the time of entry and does not continue thereafter.

[Citation]." <u>U.S. v. Pruitt</u>, 719 F.2d 975, 978 (9 Cir. 1983).  Consequently, for the conduct described in the plea agreement to be considered a crime, a seven-year-old child must be guilty of the crime of improper entry if he is an alien and enters the United States with a parent at a time and place not designated by immigration officers.  The court doubts this is the case.

There does not appear to be an abundance of authority that addresses the *mens rea* requirement for either felony or misdemeanor violation of 8 U.S.C., section 1325.  The Ninth Circuit has generally recognized there is a correspondence between sections 1325 and 1326 of Title 8 of the United States Code.  <u>See</u> <u>United States v. Campos-Martinez</u>, 976 F.2d 589, 591 (9th Cir. 1992) ("[s]ections 1325 and 1326 provide the core of the illegal entry prohibitions of the United States . . . .") (*overruled* on other grounds in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998)).  Although the court has not found any authority that specifically addresses the *mens rea* requirement for violation of 18 U.S.C., section 1325, the Ninth Circuit has held that only general criminal intent is necessary to support a conviction under 18 U.S.C., section 1326.  <u>United States v. Ortiz-Villegas</u>, 49 F.3d 1435, 1437 (9th Cir. 1995).  The court therefore concludes that, like section 1326, 18 U.S.C., section 1325 describes a crime requiring general criminal intent.

It is elementary that, while a general intent crime does not require knowledge that a particular act constitutes a crime, there is at least a requirement that the act that constitutes the crime be undertaken volitionally.  It can hardly be said that a seven-year-old accompanying a parent to another country is acting volitionally as that term could fairly be applied here.  From the point of view of a seven-year-old, the accompanying of a parent who enters the United States at a time and place not designated by immigration officers does not necessarily reflect knowledge of transit into another country, or of any conscious choice to accompany or not accompany the parent.  The court cannot imagine any set of facts applicable to the conduct of a seven-year-old child that would satisfy the general intent requirement to support a conviction under 8 U.S.C., section 1325.  The court therefore concludes that a seven year old child who enters the United

States at a time or place not designated by immigration authorities while accompanying a custodial parent commits no crime because the child is incapable as a matter of law of forming the requisite criminal intent.

**III. Jurisdiction to Impose a Twenty-Four Month Sentence on Count One is Lacking**

As to both counts of the superceding information, Reyes admitted essentially the same acts. That is, he admitted he was a citizen of Mexico and not a citizen of the United States and that he entered the United States at a time and place other than a time or place designated by immigration. Reyes did not admit that, at the time of his entry in 1978, he had previously been convicted of an unlawful entry into the United States. Absent proof of a former conviction for improper entry, a defendant cannot be given a felony sentence under 18 U.S.C., section 1325. United States v. Arambula-Alvarado, 677 F.2d 51, 52 (9th Cir. 1982). Nothing in the plea agreement suggests the "unlawful" entry in 1978 was an entry following a prior conviction for improper entry. Indeed, the possibility there was a prior conviction for improper entry is remote given Reyes' youth at the time and the improbability that a child of less than seven years of age could have suffered a conviction for improper entry.

Notwithstanding the fact that the court finds it very improbable that the facts alleged in count 1 of the Superceding Information charging improper entry in 1978 constitute a crime, it is clear that there is no factual basis upon which the court would have jurisdiction to impose a sentence of 24 months as to that count. The maximum sentence authorized for violation of 8 U.S.C., section 1325 is six months for a first conviction. Thus, the maximum term of imprisonment the court could have imposed on count 1 of the superceding information was six months. The court had no apparent authority to impose the term of 24 months that was imposed.

For the reasons set forth above, RESPONDENT UNITED STATES IS HEREBY ORDERED TO SHOW CAUSE why Reyes' motion for relief under 28 U.S.C. section 2255 should not be granted. Respondent United States shall file and serve a response to this order to

8

show cause within 30 days of the date of this order.  If United States does not respond to this order to show cause, the court will deem Reyes' request for relief unopposed.  Reyes may file an opposition to Government's response to this order to show cause within fifteen (15) days of the date of service of Governments brief.

IT IS SO ORDERED.

**Dated:     October 26, 2005**               _____/s/ Anthony W. Ishii_____
h2ehf                                                     UNITED STATES DISTRICT JUDGE